IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| *In re*: | Case No. 19-11362 |
| PAUL F. ZACHARIAS and VIVIAN E. ZACHARIAS, | Chapter 7 |
| Debtors. | Adversary Case No. 19-01050 |
| | Judge Jessica E. Price Smith |
| | **CREDITORS NATALIE LOCIGNO AND ZIPKIN WHITING CO., L.P.A.'S BRIEF IN OPPOSITION TO DEBTORS' CROSS MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF DISCHARGEABILITY** |

Now come Creditors Natalie Locigno and Zipkin Whiting Co., L.P.A., by and through undersigned counsel, and hereby respectfully request that this Court deny the Debtors' Cross Motion for Summary Judgment ("Cross Motion") for the reasons stated herein.

**I. Debtor Paul Zacharias Sr.**

On page 2 of their Cross Motion, Debtors state: "While [Debtor] Paul Zacharias, Sr.'s conduct toward Ms. Locigno was clearly boorish and inappropriate in a place of employment, it is also clear that he intended no harm, the fundamental requirement for a finding of non-dischargeability." *See Cross Motion*, p. 10. However, the Eighth District Court of Appeals noted:

> Paul Sr. made numerous comments on Locigno's appearance and body and offered to buy her and the other female staff lingerie. Throughout her employment at the restaurant, Paul Sr. touched, grabbed, or swatted Locigno's buttocks and breasts and made comments of a sexual nature.

1

> …
> Near the end of her employment with Zach's, Locigno made a tape recording of an encounter with Paul Sr. in his office. She told him that she did not feel comfortable with him touching her. Paul Sr. responded, '**I do it because I know it makes you feel f\*\*\*ed up and nervous**.'

*Locigno v. 425 W. Bagley Inc.*, 2016-Ohio-5924, 71 N.E.3d 644, ¶¶ 4, 7 (8th Dist.) (emphasis added).

Based upon the foregoing, Debtors' contention that "it is [] clear that [Debtor Paul Zacharias Sr.] intended no harm" is without merit. *Cross Motion*, p. 2. Debtor Paul Zacharias Sr. intended to make Creditor Locigno "feel f\*\*\*ed up and nervous." *Locigno*, 2016-Ohio-5924 at ¶ 7. He intended to cause her harm. On an audio recording that was introduced into evidence at trial, Debtor Paul Zacharias Sr. stated, "I do it", *i.e.*, I "touched, grabbed, or swatted [Creditor Locigno's] buttocks and breasts and made comments of a sexual nature[]", "because I know it makes [Creditor Locigno] feel f\*\*\*ed up and nervous." *Locigno*, 2016-Ohio-5924 at ¶¶ 4, 7.

Thus, Debtor Paul Zacharias Sr. told us what he sought to achieve, and did so achieve, when he sexually harassed Creditor Locigno: To make Creditor Locigno "feel f\*\*\*ed up and nervous." *Id*. Debtors do not address this audio recording in their Cross Motion because it is indefensible. Instead, Debtor Paul Zacharias Sr. states that "his conduct toward [Creditor Locigno] was romantic; he was flirting with her." *Cross Motion*, p. 2. But the tape recording, which is specifically referenced by the Eighth District Court of Appeals, doesn't lie. Inappropriately touching another person at work and without their consent to

make the person "feel f***ed up and nervous" is not romantic or flirtatious. *Locigno*, 2016-Ohio-5924 at ¶ 7. The jury and Eighth District already denied this strange argument and issue preclusion applies, as Debtors recognize. Indeed, Debtors' recognize that "the underlying claims have been fully tried in the Cuyahoga County Court of Common Pleas and, to the extent the facts have been established, this Court must defer to the findings of the state court." *Cross Motion*, pp. 8-9, citing *Grogan v. Garner*, 498 U.S. 279 (1991) (holding that issue preclusion applies in bankruptcy discharge exception proceedings).

On page 9 of their Cross Motion, Debtors correctly cite the applicable dischargeability standard: "[O]nly acts done with the *actual intent to cause injury* fall within [] [11 U.S.C. 523(a)(6)'s] scope." "Moreover, §523(a)(6)'s formulation triggers in the lawyer's mind the category 'intentional torts,' which generally require that the actor intend the *consequences* of an act, not simply the act itself." *Id.*, citing *Kawaauhau v. Geiger*, 523 U.S. 57 (1998).

Here, Debtor Paul Zacharias Sr. "intend[ed] the consequences of [his] act[s]" because he stated, in an audio recording, "I do it [the sexual harassing] because I know it makes you feel f***ed up and nervous." *Id.*; *Locigno*, 2016-Ohio-5924 at ¶ 7. Thus, Debtor Paul Zacharias Sr. "actual[ly] inten[ded] to cause injury" to Creditor Locigno, and the jury found she suffered $25,000.00 worth of pain and emotional suffering. *Cross Motion*, p. 9, citing *Kawaauhau*, 523 U.S. at 57. This Court should reject Debtors' arguments and find Debtor Paul Zacharias Sr. intended to cause Creditor Locigno harm when he sexually harassed her.

On page 6 of their Cross Motion, Debtors state that they "take great umbrage at [Creditor Locigno's] false characterization of their conduct by substituting their names into a fact pattern described by a court in a case completely unrelated to them". While the parties in the cases are unrelated, the conduct in the cases is related. In the related case the Debtors complain of, the bankruptcy court made the determination that the debtor's actions, in sexually harassing the plaintiff, were willful, malicious and non-dischargeable:

> It is difficult to see how a man's acts of grabbing a woman's crotch and touching her breast, in public, without very strong signals from the woman that such conduct was appreciated, would ever be deemed appropriate, mutually enjoyable, 'fun,' and unlikely to produce any injury, at least embarrassment and humiliation, to the woman.

*Liccio v. Topakas* (*In re Topakas*), 202 B.R. 850, 861-862 (Bankr.E.D.Pa.1996); *See Cross Motion*, p.6 and *pp. 1-2 of this Brief*.

Based upon the foregoing, this Court should find that the $28,400.00 sexual harassment jury verdict against Debtor Paul Zacharias Sr. is non-dischargeable pursuant to 11 U.S.C. 523(a)(6). Further, in order to receive attorney fees in the context of a punitive damages award, a jury must find malice and then award an actual dollar amount of punitive damages. *Roberts v. Mike's Trucking, Ltd.*, 2014-Ohio-766, 9 N.E.3d 483, ¶ 29 (12th Dist.). Here, the judgment entry provides: "THE JURY DETERMINES THAT ATTORNEY FEES BE AWARDED TO PLAINTIFF, NATALIE LOCIGNO, WITH THE COURT TO DETERMINE THE AMOUNT." *Cross Motion*, p.5. Therefore, we know the jury determined Debtor Paul Zacharias Sr. maliciously sexually harassed Creditor

Locigno and, as set forth above, intended to cause her harm. As a result, the $50,000.00 punitive damages award and the $99,370.00 attorney fee award against Debtor Paul Zacharias Sr. are non-dischargeable pursuant to 11 U.S.C. 523(a)(6). *Roberts v. Mike's Trucking*, Ltd., 2014-Ohio-766 at ¶ 29.

**II. Debtor Vivian Zacharias**

As to Debtor Vivian Zacharias, a co-owner of Creditor Locigno's former place of employment, the $28,400.00 sexual harassment jury verdict against her is non-dischargeable because she "actual[ly] inten[ded] to cause injury" to Creditor Locigno by willfully refusing to stop her husband's sexual harassment against Creditor Locigno. *Kawaauhau,* 523 U.S. at 57. Indeed, when Creditor Locigno told Debtor Vivian Zacharias that she "could not take" her husband's harassment anymore due to the emotional upset it was causing her, Debtor Vivian Zacharias maliciously told Creditor Locigno to "find another job." *Cross Motion*, p.11. Accordingly, this Court should find that the $28,400.00 sexual harassment jury verdict against Debtor Vivian Zacharias is non-dischargeable pursuant to 11 U.S.C. 523(a)(6).

Finally, if Debtors have an issue with Creditor Locigno collecting $10,000.00 from their corporation, their corporation can take that up with the common pleas court. At deposition, Creditor Locigno acknowledged that the $10,000.00 is offsetting. On 9/13/19, Creditor Locigno moved for Ohio Civil Rule 60(A) relief to correct the attorney fee certificate of judgment and the judgment liens on Debtors homes. *Exhibit* 1. Debtors' bankruptcy counsel received a service

copy of the 60(A) motion on 9/13/19. On the attorney fee certificate of judgment and the judgment liens on Debtors homes, Zipkin Whiting Co., L.P.A. was mistakenly named as the awardee of the attorney fees. Creditor Locigno is the awardee and Administrative Judge John J. Russo set the 60(A) hearing for 12/2/19. Notwithstanding being aware of the 60(A) motion filed nearly two months before Debtors Cross Motion, Debtors accuse Zipkin Whiting of fraud and stealing, and seek to discharge the $99,370.00 due to said clerical error. *Cross Motion*, p.12-13.

Respectfully Submitted,

**ZIPKIN WHITING CO., L.P.A.**

*/s/ Kevin M. Gross*
Lewis A. Zipkin, Esq. (0030688)
Kevin M. Gross, Esq. (0097343)
ZIPKIN WHITING CO., L.P.A.
The Zipkin Whiting Building
3637 South Green Road
Beachwood, Ohio 44122
zfwlpa@aol.com
kgross.zipkinwhiting@gmail.com
Phone: 216-514-6400
Fax: 216-514-6406

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **CREDITORS NATALIE LOCIGNO AND ZIPKIN WHITING CO., L.P.A.'S BRIEF IN OPPOSITION TO DEBTORS' CROSS MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF DISCHARGEABILITY** was served upon the Parties via ECF.

*/s/ Kevin M. Gross*
Kevin M. Gross, Esq. (0097343)