IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CLEVELAND

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Paul F. Zacharias, Sr. | ) | CASE NO. 19-11362 |
| and | ) | |
| Vivian E. Zacharias, | ) | JUDGE: Jessica Price Smith |
| | ) | |
| Debtors. | ) | Adv. Pro. Case No. 19-1050 |
| | ) | |

**DEFENDANTS' SUR-REPLY BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**
_____

The debtor/defendants ["Respondents"], by and through counsel, respectfully request that the Court deny the motion of plaintiffs Natalie Locigno and Zipkin Whiting Co., L.P.A. ["Movants"] for summary judgment and submit the following sur-reply bried in support of their position, which is attached hereto and incorporated herein.

Respectfully submitted,

/s/ *Richard H. Nemeth*
Richard H. Nemeth (#0007392)
Nemeth & Associates, LLC
*Attorney for the Respondents*
526 Superior Ave., East, Suite 333
Cleveland, OH 44114-1998
216/502-1300; Fax: 216/502-1301
Email: mail@ohbklaw.com

1

**MEMORANDUM**

In support of their objection to Movants' motion for summary judgment, Respondents state for their sur-reply brief as follows:

**THE STATE COURT JURY FINDING THAT PAUL ZACHARIAS, SR. ACTED WITH MALICE DOES NOT REQUIRE A FINDING THAT HE INTENDED TO HARM, AND THE JURY'S EXPRESS FINDING THAT HE DID NOT INTEND TO INFLICT EMOTIONAL DISTRESS IS DISPOSITIVE OF HIS RIGHT TO DISCHARGE MOVANTS' CLAIMS**

In her response to Respondents' motion for summary judgment, Movant states that she surreptitiously made a tape recording before leaving her employment in which she asked Paul Zacharias, Sr. why he behaved the way he does and he replied, "I do it because I know it makes you feel f***ed up and nervous." Movant states that the recording proves that Paul Zacharias, Sr. intended to harm Movant, and that Respondents did not address the recording in their response because it is indefensible. Neither statement is true.

Assuming, *arguendo*, that Mr. Zacharias wasn't just being facecious as he is much of the time, Respondents state that Movant's conclusion that he intended to harm her is not a necessary conclusion from the tape-recorded statement for multiple reasons. First and foremost, the jury expressly found that Mr. Zacharias did <u>not</u> intend to inflict emotional distress on Movant. It is impossible to square that express finding with the conclusion that Movant urges the Court to reach; i.e., that he did intend to inflict emotional distress [harm]. Movant states that the jury rejected the argument that he did not intend to harm her, but that is clearly not true; the only verdict that

required a finding of intent to harm was entered in favor of Mr. Zacharias. Obviously, the jury did not find the tape recording to be a credible indication of Mr. Zacharias's intent to harm, because it would have found that he did intend to cause emotional distress if it had.

Movant argues that the award of punitive damages by the jury requires a finding that Mr. Zacharias exercised malice and that, in turn, requires a finding of an intent to cause harm. Setting aside the express finding that he did not intend to cause emotional distress, a finding of malice does not necessarily involve an intent to harm. The Ohio Supreme Court has ruled that "malice" can also be present where there is a reckless behavior coupled with a conscious disregard for the rights and safety of others that has a great probability of causing substantial harm,

> "Although the numerous definitions have caused confusion as to what is required to prove actual malice, it is apparent from the case law that actual malice can be placed in two general categories: first, behavior characterized by hatred, ill will, or a spirit of revenge and, second, *extremely reckless behavior* revealing a conscious disregard for a great and obvious harm.
>
> * * *
>
> "We therefore hold that actual malice, necessary for an award of punitive damages, is (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. *Preston v. Murty*, 32 Ohio St.3d 334 (1987)(emphasis added).

In other words, malice can be found in situations where the defendant engaged in extremely reckless behavior, even if there is no intent to cause harm. In the case at bar, the only way to reconcile the jury verdicts is to conclude that Mr. Zacharias engaged in "extremely reckless behavior revealing a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm", [justifying the jury's award of punitive damages under

Ohio law], but that he did not actually intend to harm, [resulting in the jury verdict to that effect]. Since a specific intent to cause harm, and not just extremely reckless behavior, is an element for a finding of non-dischargeability [*Kawaauhau v. Geiger*, 523 U.S. 57 (1998)], Movant's claims against Mr. Zacharias must therefore be found to be dischargeable.

For the foregoing reasons, Respondents request that the Court enter an order denying Movan'ts motion for summary judgment and entering judgement in their favor instead.

/s/ *Richard H. Nemeth*
Richard H. Nemeth (#0007392)
*Attorney for Respondents*

**CERTIFICATE OF SERVICE**

I certify that on December 2, 2019, a true and correct copy of the foregoing was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

    Virgil Brown,Jr., trustee, at virgil@vebtrustee.com
    Kevin M. Gross, Esq., attorney for Movants, at kgross.zipkinwhiting@gmail.com
    Lewis A. Zipkin, Esq., attorney for Movants, at zfwlpa@aol.com

And by regular U.S. mail, postage prepaid, on:

    Paul A. Zacharias and Vivian Zacharias, 10767 Gate Post Rd., Strongsville, OH 44149.

/s/ *Richard H. Nemeth*
Richard H. Nemeth (#0007392)
*Attorney for the Respondents*
